**ORIGINAL**

1  GEORGE A. YUHAS (SBN 78678); gyuhas@orrick.com

E-filing

NANCY E. HARRIS (SBN 197042); nharris@orrick.com
2  RUTH Y. KWON (SBN 232569); rkwon@orrick.com
TRACEY S. LESETAR (SBN 258576); tlesetar@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
4  405 Howard Street
San Francisco, CA 94105-2669
5  Telephone: (415) 773-5700; Facsimile: (415) 773-5759

6  ROBERT RUBIN (SBN 85084); rrubin@lccr.com
PHILIP K. HWANG (SBN185070); phwang@lccr.com
7  LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
8  131 Steuart Street, Suite 400
San Francisco, CA 94105
9  Telephone: (415) 543-9444; Facsimile: (415) 543-0296

10 ROCIO ALEJANDRA AVILA (SBN 252719); rocio@lrcl.org
HILLARY RONEN (SBN 228606); hillary@lcrl.org
11 LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
12 San Francisco, CA 94103
Telephone: (415) 553-3413; Facsimile: (415) 255-7593
13
Attorneys for Plaintiff
14 ZORAIDA PEÑA CANAL

15                     UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          OAKLAND DIVISION

18

19 | ZORAIDA PEÑA CANAL, | Case No. |
| Plaintiff, | **COMPLAINT** |
20
21 | v. | |
22 | MABELLE DE LA ROSA DANN, TERESA VITTET DE LA ROSA, AND DOES 1 to 10, Inclusive, | |
23
24 | Defendants. | |
25
26
27
28

1   Plaintiff, Zoraida Peña Canal, ("Ms. Peña Canal" or "Plaintiff"), by and through her

2   undersigned attorneys hereby alleges as follows:

3                                          **I.   INTRODUCTION**

4       1.      For nearly two years, Defendant Mabelle de La Rosa Dann ("Dann") enslaved Ms.

5   Peña Canal in Dann's residences in Walnut Creek, California.  From July 2006 to April 2008,

6   Ms. Peña Canal toiled under intolerable conditions – working up to 15 hours per day, 7 days a

7   week – caring for three young children while cooking and cleaning for the entire household,

8   including Dann. Ms. Peña Canal was not paid for any of this work. Instead she was treated as an

9   indentured servant, held to work to pay off a debt that Dann increased over time, despite Ms.

10  Peña Canal's continuous labor. Dann, using coercive techniques typically employed by human

11  traffickers, confiscated Ms. Peña Canal's passport and identification documents and terrified her

12  with the prospect of being arrested and deported. She isolated Ms. Peña Canal and controlled her

13  with psychological manipulation and threats of violence. Dann was assisted in these crimes by

14  her mother, defendant Teresa Vittet de la Rosa ("Vittet de la Rosa"). Dann and Vittet de la Rosa

15  violated Ms. Peña Canal's most basic human rights and acted in flagrant violation of both

16  California and federal laws.

17      2.      In February 2009, the U.S. Attorney indicted Dann; she currently awaits trial for

18  visa fraud, conspiracy to commit visa fraud, forced labor, unlawful conduct regarding documents

19  in furtherance of servitude, and harboring an illegal alien for private financial gain.  (N.D. Cal.

20  CR08-0390 CW).

21      3.      Plaintiff brings this civil action under the Trafficking Victims Protection

22  Reauthorization Act (TVPRA), the California Civil Code, the California Labor Code, the Fair

23  Labor Standards Act (FLSA), state common law, and other provisions of federal and state law.

24                                        **II.   JURISDICTION**

25      4.      This Court has federal subject matter jurisdiction over this action pursuant to 28

26  U.S.C. Section 1331, the Fair Labor Standards Act, 29 U.S.C Section 201 *et seq*., and the

27  Trafficking Victims Protection Reauthorization Act, 18 U.S.C. Section 1589 *et seq*.

28      5.      This Court has supplemental jurisdiction over the related state law claims asserted

OHS West:260698369.1                         - 1 -                                    COMPLAINT

1    herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. Section 1367.

2    Supplemental jurisdiction over those claims is appropriate because the claims arise from the same

3    common nucleus of operative facts from which the federal claims arise.

4      6.      This Court has personal jurisdiction over defendants Mabelle de la Rosa Dann and

5    Teresa Vittet de la Rosa because, on information and belief, each Defendant resides, regularly

6    conducts business, and has committed the wrongful acts alleged in this Complaint within this

7    judicial district.

8                 **III.     VENUE & INTRADISTRICT ASSIGNMENT**

9      7.      Venue lies in this district pursuant to 28 U.S.C. Section 1391(b).

10      8.      Assignment of this action to the Oakland Division of this Court is appropriate

11    pursuant to Civil L.R. 3-2. A substantial part of the events or omissions which give rise to the

12    claims in this suit occurred in Contra Costa County. On information and belief, defendants Dann

13    and Vittet de la Rosa reside in Contra Costa County.

14                       **IV.     PARTIES**

15      9.      Plaintiff Zoraida Peña Canal is, and at times relevant was, a citizen of Peru who

16    resided in Contra Costa County, California with Defendants and Defendants' family for

17    approximately 21 months in two different homes located in Contra Costa County.

18      10.      Defendant Mabelle de la Rosa Dann is, and at all time relevant was, a naturalized

19    U.S. citizen from Peru, who resides in Contra Costa County, California. Dann was a real estate

20    sales agent for Prudential during the relevant time period. Defendant Dann employed Plaintiff in

21    multiple capacities, including as a nanny, cook, maid, and household servant in the United States

22    from on or about July 2006 until April 2008. Defendant Dann was, at all relevant times, an

23    employer pursuant to the FLSA and the California Labor Code.

24      11.      Defendant Teresa Vittet de la Rosa resides in Contra Costa County, California.

25    Vittet de la Rosa was, at all relevant times, an employer of Plaintiff pursuant to the FLSA and the

26    California Labor Code.

27      12.      The true names or capacities, whether individual, corporate, associate,

28    representative, or otherwise, of defendants named herein as Does 1 through 10 ("Doe

1  Defendants"), inclusive, are unknown to Plaintiff, who sues such defendants by fictitious names.

2  Plaintiff will amend this complaint to show their true names and capacities when the same have

3  been ascertained.

4    13.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

5  mentioned, each of the defendants named herein as Does 1 through 10, inclusive, was the agent

6  and employee of each of the remaining defendants, and in doing the things hereinafter alleged,

7  was acting within the scope of such agency.

8    14.    All of the Defendants, including the Doe Defendants, are alleged to be co-

9  conspirators with each other, in that each agreed to participate and did participate in the

10  furtherance of the objective of a civil wrong as alleged in this Complaint.

11    15.    Plaintiff is informed and believes, and thereon alleges, that each of the Doe

12  Defendants is responsible in some manner for the conduct in alleged, and that Plaintiff's damages

13  were proximately caused by these defendants.

14  ## V.    FACTUAL ALLEGATIONS

15    16.    In 2002, Ms. Peña Canal was living in Peru and working as a child care provider

16  for Dann's sister, Martha de la Rosa.   Defendant Dann, a native of Peru and a naturalized United

17  States citizen, approached Ms. Peña Canal and offered her a job to work as Dann's child care

18  provider in Walnut Creek, California.

19    17.    Between 2002 and 2006, Ms. Peña Canal and Dann spoke numerous times

20  regarding the terms under which Dann offered to employ Ms. Peña Canal in California.   During

21  those conversations, Dann told Ms. Peña Canal that she would be responsible for child-care for

22  Dann's three children – twin 5-year old boys and an eleven year old boy – and light

23  housekeeping.

24    18.    In order to induce Ms. Peña Canal to take on the child-care position, Dann falsely

25  promised Ms. Peña Canal that she would be paid $600 per month plus room and board in

26  exchange for working 5 days per week.   Dann promised that Ms. Peña Canal would have a private

27  bedroom and bath, and comfortable living conditions.   She assured Ms. Peña Canal that Ms. Peña

28  Canal would work regular hours.

OHS West:260698369.1                                    - 3 -                                    COMPLAINT

1    19.    Dann, and others working on her behalf, made many of the arrangements for Ms.
2    Peña Canal to travel to the United States, so that Ms. Peña Canal could work for her as her nanny
3    and occasional housekeeper.

4    20.    Ms. Peña Canal agreed to come to the United States based on Dann's promises of
5    a good job. However, once in the United States, Dann's treatment of Ms. Peña Canal changed
6    dramatically.

7    21.    Unbeknownst to Ms. Peña Canal, the promises of fair compensation and
8    reasonable work accommodations were false, designed by Dann to lure Ms. Peña Canal to the
9    United States. Dann had no intention of paying Ms. Peña Canal for her work, or providing Ms.
10   Peña Canal with her own bedroom and bathroom, or any of the other desirable accommodations
11   that attracted Ms. Peña Canal to become her employee. Dann lied, and then continued to lie to
12   Ms. Peña Canal by assuring her that her living conditions at any given time were temporary, and
13   that she would be compensated after she worked off an ever-increasing amount of fictitious debt.

14   22.    Once in the United States, Ms. Peña Canal worked at Dann's direction without a
15   day off and without pay for during the approximately 21 months she lived with and worked for
16   Defendants.

17   23.    Sometime before Ms. Peña Canal's arrival in the United States, Dann moved her
18   three children into an apartment occupied by Defendant Vittet de la Rosa, the children's
19   grandmother, in Walnut Creek, California. Shortly after she arrived in the U.S., Ms. Peña Canal
20   moved into this apartment and was immediately put to work as a full-time nanny, maid, and cook
21   for the children, Dann, and Vittet de la Rosa.

22   24.    Ms. Peña Canal faced a daunting list of daily duties, according to a schedule set by
23   Dann. Whether at home or at work, Dann supervised and closely monitored Ms. Peña Canal's
24   daily schedule. Dann required Ms. Peña Canal to wait on her family without break for 15-hour
25   days and throughout weekends, such that Ms. Peña Canal routinely worked more than 100 hours
26   per week for Dann's family.

27   25.    In mid-September 2006, Dann moved her children and Ms. Peña Canal to a two-
28   bedroom apartment on Ygnacio Valley Road in Walnut Creek, California. One bedroom was

OHS West:260698369.1                          -4-                                    COMPLAINT

1   occupied by the three children, and the other by Dann. Ms. Peña Canal was forced to sleep in the

2   living room where she had no personal space or privacy. Ms. Peña Canal slept on the living room

3   floor on a folding foam sleep pad, which she took out every evening and put away every morning.

4   Everyone else in the household slept in a bed.

5       26.    Although Ms. Peña Canal had been told that her primary duties would be related to

6   the children, Dann required her to attend to the entire family. Ms. Peña Canal's typical work day

7   began at 6 a.m. when she was required to cook breakfast, and ended around 9 p.m. or later, when

8   she finished washing the dishes for the meals she had cooked the family. Dann required Ms. Peña

9   Canal to prepare and cook time-intensive meals for the family each day. Every day, all day, she

10  attended to the children's dress, study, and play; cleaned all the rooms in the apartment; and

11  cooked all the meals and snacks to feed Dann and her children. She shined shoes, cleaned and

12  ironed all of the family's clothing, and ran errands for the children. Dann even put Ms. Peña

13  Canal to work for Dann's real estate business, instructing her to pass out real estate flyers and

14  clean other people's homes "staged" for sale at Dann's open houses. Ms. Peña Canal was

15  required to look after the children for lengthy periods of time whether or not Defendant Dann was

16  at work, visiting with friends, or spending the night with a boyfriend.

17      27.    For all of this work throughout almost two years, Dann paid Ms. Peña Canal

18  nothing. She was not paid the paltry $600 per month which she was promised. In fact, Ms. Peña

19  Canal received money from Dann only once. On Christmas day 2006, Dann handed Ms. Peña

20  Canal $100. When Ms. Peña Canal asked if the money was wages for her work, Dann told her

21  that it was a gift.

22      28.    On multiple occasions, Dann attempted to justify her non-payment of wages by

23  telling Ms. Peña Canal that she owed an ever-increasing debt. Indeed, Dann told Ms. Peña Canal

24  that the "debt" she owed had grown to at least $13,000, an enormous amount of money that

25  would assure Ms. Peña Canal's free labor for years. Throughout Ms. Peña Canal's captivity,

26  however, Dann reassured her time and again that she would one day be compensated for her

27  labor.

28      29.    Dann utilized various methods of physical and psychological abuse on Ms. Peña

OHS West:260698369.1                - 5 -                COMPLAINT

1   Canal for two primary aims: first, so that Dann could benefit from Ms. Peña Canal's labor and

2   services without paying Ms. Peña Canal, and second, so that Dann could evade detection of her

3   crimes from law enforcement authorities, friends, and members of her Walnut Creek community.

4       30.     If the tasks were not done to her instruction or to her liking, Dann would insult and

5   berate Ms. Peña Canal. If Ms. Peña Canal responded in any way, Dann would accuse her of not

6   being sufficiently humble, obedient, and grateful.

7       31.     Dann controlled every aspect of Ms. Peña Canal's life. Upon Ms. Peña Canal's

8   arrival in the United States, Dann seized Ms. Peña Canal's visa, passport and Peruvian

9   identification card. Whenever Dann left the apartment, Dann took the passport with her in a

10  briefcase. Until the police were able to retrieve her identification documents from Dann's

11  control, Ms. Peña Canal did not have control or access to her passport, visa or Peruvian

12  identification card. Whenever Ms. Peña Canal questioned her treatment, Dann threatened her

13  with deportation and arrest by telling her that she was illegally in the United States and had no

14  rights. Ms. Peña Canal was terrified that she might be arrested by the authorities at any time.

15      32.     In order to ensure Ms. Peña Canal's subservience and silence throughout her

16  captivity, Dann also severely restricted Ms. Peña Canal's communication and movement and took

17  advantage of Ms. Peña Canal's fears. Dann closely monitored Ms. Peña Canal's whereabouts and

18  limited her communications, isolating Ms. Peña Canal from anyone who might assist Ms. Peña

19  Canal. Dann first limited, and then completely severed all communication between Ms. Peña

20  Canal and her family and friends in Peru. Defendant Vittet de la Rosa informed Ms. Peña

21  Canal's Peruvian family members that she did not know Ms. Peña Canal's whereabouts, even

22  though she was aware that Ms. Peña Canal was living with her daughter, and even though

23  Defendant Vittet de la Rosa often visited Dann's apartment.

24      33.     Dann eventually barred Ms. Peña Canal from watching Spanish language TV or

25  listening to the radio. Dann ensured that Ms. Peña Canal was entirely isolated when she

26  destroyed the radio Ms. Peña Canal used to listen to Spanish-language news and music stations.

27      34.     Dann also rationed Ms. Peña Canal's food – counting out the eggs, bread and fruit

28  – to ensure that Ms. Peña Canal did not eat more than the small amount allotted to her each day.

1    She significantly restricted Ms. Peña Canal's fruit consumption.

2        35.    In March 2008, Dann falsely accused Ms. Peña Canal of stealing money from her

3    purse. Dann screamed at and physically assaulted Ms. Peña Canal.

4        36.    Sensing that Ms. Peña Canal was beginning to resist Dann's authority, on March

5    30, 2008, Dann insisted that Ms. Peña Canal sign a document, falsely acknowledging that Ms.

6    Peña Canal had been paid for her work during her time with Dann. Defendant Vittet De La Rosa

7    told Ms. Pena Canal that Dann had paid for Ms. Peña Canal to enter the country, and instructed

8    her to sign the note.

9        37.    On information and belief, Dann intentionally falsified documents, intercepted

10   mail sent by, and intended for Ms. Peña Canal, and participated in a cover-up scheme to evade

11   detection of her crimes. Defendant Teresa Vittet de la Rosa was aware of and participated in this

12   scheme.

13       38.    By Spring of 2008, faced with escalating abuse, Ms. Peña Canal began to look for

14   ways to escape her situation. On April 16, 2008, with the help of several good Samaritans, Ms.

15   Peña Canal was able to execute her escape and to report her situation to the authorities.

16                    **VI.    SUSPENSION OF STATUTES OF LIMITATION**

17       39.    Any statute of limitations relating to the causes of action alleged in this complaint

18   on behalf of the Ms. Peña Canal has been suspended for the period of her imprisonment and for a

19   reasonable time period following her release. As a consequence of Defendants' misconduct, Ms.

20   Peña Canal was unaware of her rights, emotionally traumatized, and unable to seek appropriate

21   remedies, including the filing of a lawsuit during such time period.

22                            **VII.    CLAIMS FOR RELIEF**

23                            **FIRST CLAIM FOR RELIEF**

24   **Trafficking Victims Protection Reauthorization Act, Forced Labor,**
     **18 U.S.C. §§ 1589, 1595**
25                            **(Against All Defendants)**

26       40.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

27   allegation contained in the above paragraphs.

28       41.    The forced labor provision of the Trafficking Victims Protection Reauthorization

1  Act (TVPRA), 18 U.S.C. Section 1589, establishes: (a) Whoever knowingly provides or obtains

2  the labor or services of a person by any one of, or by any combination of, the following means--

3  (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that

4  person or another person; (2) by means of serious harm or threats of serious harm to that person

5  or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by

6  means of any scheme, plan, or pattern intended to cause the person to believe that, if that person

7  did not perform such labor or services, that person or another person would suffer serious harm or

8  physical restraint, shall be punished as provided under subsection (d).

9      42.    Defendants knowingly obtained Plaintiff's labor and services through threats and

10  intimidation, including threatening to report her to the legal authorities causing her to fear that she

11  would be arrested, or detained by law enforcement authorities.

12      43.    Defendants caused Plaintiff physical and nonphysical harm causing Plaintiff to

13  perform labor or services in order to avoid incurring that harm.

14      44.    Defendants developed and participated in a scheme, which included, but is not

15  limited to, confiscating and keeping Plaintiff's passport and government identification, intending

16  to cause the Plaintiff to believe that if she did not perform the labor or services, she would suffer

17  serious harm.

18      45.    Defendants used threats and intimidation to hold Plaintiff in captivity and force her

19  to work without paying her the compensation required by law.

20      46.    As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to

21  be determined at trial.

22      47.    Pursuant to 18 U.S.C. Section 1595(a), which provides for recovery of civil

23  damages for violations of Section 1589, Plaintiff is entitled to recover damages and reasonable

24  attorneys' fees for Defendants' wrongful conduct.

25  <center>**SECOND CLAIM FOR RELIEF**</center>

26  <center>**Trafficking Victims Protection Reauthorization Act**
**Trafficking Into Servitude, 18 U.S.C. §§ 1590, 1595**</center>

27  <center>(Against All Defendants)</center>

28      48.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

1 | allegation contained in the above paragraphs.

2 | 49. The trafficking into servitude provision of the TVPRA, 18 U.S.C. Section 1590,

3 | provides: recruiting, harboring, transporting, providing, or obtaining by any means any person

4 | for labor or services in violation of laws prohibiting peonage, slavery, involuntary servitude, or

5 | forced labor shall subject defendant to fines.

6 | 50. As set forth herein, Defendants knowingly recruited, harbored, transported,

7 | provided, and obtained Plaintiff to provide labor and services to the Defendants in violation of

8 | laws prohibiting slavery, involuntary servitude, and forced labor.

9 | 51. As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to

10 | be determined at trial.

11 | 52. Pursuant to 18 U.S.C. Section 1595(a), which provides for recovery of civil

12 | damages for violations of Section 1590, Plaintiff is entitled to recover damages and reasonable

13 | attorneys' fees for Defendants' wrongful conduct.

14 | **THIRD CLAIM FOR RELIEF**

15 | **Violation Of The California Civil Code § 52.5**
| (Against All Defendants)

16 |

17 | 53. Plaintiff realleges and incorporates, as though fully set forth herein, each and every

18 | allegation contained in the above paragraphs.

19 | 54. As set forth herein, Defendants knowingly restricted the personal liberty of

20 | Plaintiff through fraud, deceit, coercion, duress, menace, and threat of unlawful injury to Plaintiff,

21 | causing Plaintiff to reasonably believe it likely that Defendants would carry out their threats.

22 | Defendants brought Plaintiff into their employ by using fraud, repeatedly threatened her with

23 | arrest or some other injury, and knowingly destroyed, concealed, removed, confiscated, or

24 | possessed Plaintiff's passport and identification documents in order to keep Plaintiff from leaving

25 | Defendants' employment. Defendants' fraud and psychological and emotional coercion was

26 | conduct that would and did reasonably overbear the will of Plaintiff.

27 | 55. As a result of Defendants' conduct, Plaintiff is a victim of human trafficking as

28 | defined in Section 236.1 of the Penal Code. Plaintiff has suffered damages and, pursuant to

OHS West:260698369.1 | - 9 - | COMPLAINT

1  California Civil Code Section 52.5, is entitled to recover actual, compensatory, and punitive

2  damages as well as reasonable attorneys' fees for Defendants' wrongful conduct.

3      56.    Defendants' violation of Civil Code Section 52.5 entitles Plaintiff to recover up to

4  three times Plaintiff's actual damages, or ten thousand dollars ($10,000), whichever is greater.

5      57.    In doing the acts alleged in this Complaint, Defendants acted with oppression,

6  fraud, malice, and duress, and willful and conscious disregard for Plaintiff's physical and mental

7  health, safety, and rights secured by Civil Code Section 52.5. Plaintiff is therefore entitled to

8  recover punitive damages pursuant to Civil Code Section 52.5.

9                          **FOURTH CLAIM FOR RELIEF**

10                           **Involuntary Servitude**
                (Against Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa)
11

12     58.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

13  allegation contained in the above paragraphs.

14     59.    Plaintiff brings this claim for relief under the private cause of action implied under

15  the Thirteenth Amendment to the United States Constitution, 18 U.S.C. Section 1584, the

16  California Constitution, Article I, Section 6, and California Penal Code Section 181.

17     60.    As described herein, Defendants used physical and emotional intimidation to hold

18  Plaintiff in captivity and require her to work without lawfully required pay and in conditions of

19  involuntary servitude.

20     61.    Through such action, Plaintiff was subject to involuntary servitude prohibited by

21  the Thirteenth Amendment to the United States Constitution, 18 U.S.C. Section 1584, the

22  California Constitution, Article I, Section 6, and California Penal Code Section 181.

23     62.    As a direct and proximate result of these actions, Plaintiff suffered damages,

24  including extreme mental suffering, indignity, humiliation, physical injuries, and economic

25  losses, entitling her to damages in an amount to be proven at trial.

26     63.    Defendants committed these acts alleged herein maliciously, fraudulently, and

27  oppressively with the intention of injuring Plaintiff and in conscious disregard of Plaintiff's

28  rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount to be

1  proven at trial.

2  **FIFTH CLAIM FOR RELIEF**

3  **Fraud: Intentional Misrepresentation, Concealment, And False Promise**
   (Against Defendant Mabelle de la Rosa Dann)
4

5  64.  Plaintiff realleges and incorporates, as though fully set forth herein, each and every

6  allegation contained in the above paragraphs.

7  65.  Defendant knowingly made false representations to Plaintiff about the

8  circumstances of her entry into the United States, including, but not limited to, falsely informing

9  Plaintiff that she would be properly paid and that she would have reasonable living and working

10  conditions in Defendant's house.

11  66.  Defendant falsely promised Plaintiff that she would be provided proper wages, a

12  suitable working environment, a work schedule with standard working hours, and comfortable

13  living accommodations. At the time that the promise was made, Defendant had no intention of

14  performing on the promise.

15  67.  Defendant entered into an oral employment contract with Plaintiff and, as

16  Plaintiff's employer, was under a duty to inform her of material facts related to her employment.

17  Defendant intentionally concealed these material facts because she intended to defraud the

18  Plaintiff into entering into the employment relationship.

19  68.  Defendant had knowledge of the falsity of her misrepresentations at the time those

20  misrepresentations were made.

21  69.  Defendant made the misrepresentation with the intent to defraud and induce

22  Plaintiff to come to the United States. Defendant intended for Plaintiff to rely on her false

23  statements and misrepresentations in order to induce her to take the child-care position in

24  California.

25  70.  Plaintiff was unaware of the concealed facts. Had Plaintiff known of the

26  concealed facts, she would not have entered into the employment relationship with Defendant.

27  71.  Plaintiff justifiably relied on Defendant's misrepresentations in deciding to enter

28  into employment with Defendant. Plaintiff was injured as a result of her justifiable reliance on

OHS West:260698369.1                                    - 11 -                                    COMPLAINT

1    Defendant's false statements, false promises, and concealment of the true conditions of her

2    employment. This reliance caused Plaintiff to leave her home, subjected her to exploitation of her

3    labor, and caused her to suffer damages. Plaintiff is therefore entitled to damages in an amount to

4    be proven at trial.

5            72.     Defendant committed the acts alleged in this Complaint with the wrongful

6    intention of injuring Plaintiff. Defendant's improper motive amounted to malice, in conscious

7    disregard of Plaintiff's rights. Because Defendant acted with full knowledge of the consequences

8    to the Plaintiff as alleged in this Complaint, with the intent to violate the statutory and other

9    employment rights of Plaintiff and/or with a willful, conscious, wanton, malicious, and

10   oppressive disregard for Plaintiff's rights and the deleterious consequences as well as cruel and

11   unjust hardship resulting to Plaintiff, Plaintiff is entitled to exemplary and punitive damages in an

12   amount to be proven at trial.

13                              **SIXTH CLAIM FOR RELIEF**

14                         **Fraud: Negligent Misrepresentation**
                           (Against Defendant Mabelle de la Rosa Dann)
15

16           73.     Plaintiff realleges and incorporates, as though fully set forth herein, each and every

17   allegation contained in the above paragraphs.

18           74.     Defendant made false representations to Plaintiff about the circumstances of her

19   employment in the United States, including, but not limited to, falsely informing Plaintiff that she

20   would be properly paid in accordance with the laws of the United States.

21           75.     Defendant had no reasonable grounds for believing her representations to be true.

22           76.     Defendant intended for Plaintiff to rely on her false statements and

23   misrepresentations. Plaintiff justifiably relied on Defendant's misrepresentations in deciding to

24   accept the child-care position with Defendant.

25           77.     Plaintiff was unaware of Defendants' true intentions, and had she been aware of

26   such facts, would not have left her home to come to the United States.

27           78.     Plaintiff was injured as a result of her reliance on Defendant's false statements and

28   misrepresentations, which caused her to leave her home, subjected her to exploitation of her

1    labor, and caused her to suffer damages. Plaintiff is entitled to damages in an amount to be

2    proven at trial.

3                              **SEVENTH CLAIM FOR RELIEF**

4                          **Violations Of The Fair Labor Standards Act**
                    (Against Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa)
5

6        79.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

7    allegation contained in the above paragraphs.

8        80.    At all relevant times, Defendants were employers or were acting in the interest of

9    an employer of the Plaintiff within the meaning of relevant provisions of the Fair Labor Standards

10   Act ("FLSA").

11       81.    Defendants violated the FLSA by failing to pay Plaintiff the minimum wage for

12   her labor, as required by the FLSA, 29 U.S.C. Section 206(a).

13       82.    Defendants further improperly deducted housing, lodging, and other facilities from

14   Plaintiff's wages – wages which were never paid to Plaintiff – in violation of the FLSA, 29

15   U.S.C. Section 203(m).

16       83.    Defendants improperly failed to make, keep, or preserve records of Plaintiff's

17   wages, hours, and other employment conditions, in violation of the FLSA, 29 U.S.C. Section

18   211(c).

19       84.    Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover the

20   amount of her unpaid minimum wages, liquidated damages, including interest thereon, and

21   attorneys' fees and costs, pursuant to 29 U.S.C. Section 216(b).

22                              **EIGHTH CLAIM FOR RELIEF**

23           **Violations Of The California Labor Code on Minimum Wage and Overtime**
                (Against Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa)
24

25       85.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

26   allegation contained in the above paragraphs.

27       86.    Defendants were employers or acting in the interest of an employer within the

28   meaning of the California Labor Code ("Labor Code").

OHS West:260698369.1                        - 13 -                                    COMPLAINT

1    87.    Defendants employed Plaintiff in a domestic service position.

2    88.    Defendants did not pay Plaintiff the minimum wage as mandated by the Labor

3    Code Sections 1197, 1182.11 and 1194(a), and Industrial Welfare Commission Wage Order 15-

4    2001, 8 C.C.R. Section 11050.

5    89.    Defendants did not pay Plaintiff overtime wages for her work during required off-

6    duty hours and in excess of five consecutive days of work as required by the Labor Code Section

7    1198 and Industrial Welfare Commission Wage Order 15-2001, 8 C.C.R. Section 11050.

8    90.    Due to Defendants' willful violations of the Labor Code, Plaintiff is entitled to

9    recover unpaid compensation, including interest thereon, liquidated damages, attorneys' fees, and

10   costs, pursuant to Labor Code Section 1194(a).

11                                 **NINTH CLAIM FOR RELIEF**

12                         **Other Violations Of California Labor Law**
                  (Against Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa)
13
     91.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every
14
     allegation contained in the above paragraphs.
15
     92.    Defendants failed to allow Plaintiff the required rest periods and meal periods or to
16
     keep any pertinent required records in violation of the Labor Code Sections 551 and 552 and
17
     Industrial Welfare Commission Wage Order 15-2001, 8 C.C.R. Section 11050.
18
     93.    Defendants further failed to keep any records of Plaintiff's hours and wages and
19
     failed to provide Plaintiff with semi-monthly statements in violation of Industrial Welfare
20
     Commission Wage Order 15-2001, 8 C.C.R. Section 11050.
21
     94.    Plaintiff regularly worked seven days per week and in excess of twelve hours per
22
     day without a day of rest and without receiving the required overtime compensation in violation
23
     of Labor Code Sections 551 and 552 and Industrial Welfare Commission Wage Order 15-2001, 8
24
     C.C.R. Section 11050.
25
     95.    Defendants improperly deducted amounts from Plaintiff's wages for housing,
26
     lodging, and food exceeding the limits set forth and in violation of California Minimum Wage
27
     Order MW-2007 and Industrial Welfare Commission Wage Order 15-2001, 8 C.C.R. Section
28

OHS West:260698369.1                          - 14 -                                  COMPLAINT

1  11050.

2     96.     Defendants willfully failed to make monthly payments to Plaintiff on a designated

3  pay day, no more than 31 days apart, when they had the ability to pay and failed to pay Plaintiff

4  wages as required and in violation of California Labor Code Sections 202(a), 205 and 216.

5     97.     Defendants also never paid Plaintiff wages concededly due at any time or in a

6  timely manner in violation of Labor Code Section 206.

7     98.     Defendants coerced Plaintiff into signing false time and pay records, in violation

8  of Labor Code Section 206.5.

9     99.     Defendants required Plaintiff to refrain from disclosing any information about her

10  working conditions, in violation of Labor Code Section 232.5.

11     100.    As a result of these failures to comply with the Labor Code, Plaintiff is entitled to

12  recover unpaid wages and penalties allowed by law, attorneys' fees and costs, waiting time

13  penalties, damages, and interest.

14                            **TENTH CLAIM FOR RELIEF**

15                            **Breach Of Oral Contract**
                      (Against Defendant Mabelle de la Rosa Dann)
16

17     101.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

18  allegation contained in the above paragraphs.

19     102.    Defendant and Plaintiff agreed orally that Plaintiff would be fairly compensated

20  for the services she performed for Defendant in the United States, and that she would have

21  reasonable working and living conditions.

22     103.    Plaintiff has duly performed each and every condition, covenant, promise and

23  obligation required on her part in accordance with the terms and conditions of this contract.

24     104.    Defendant breached her contract with Plaintiff by not making the payments and

25  providing the agreed-upon living and working conditions required under the contract.

26     105.    As a result of Defendant's breach of contract, Plaintiff has suffered damages in an

27  amount to be determined at trial.

28

OHS West:260698369.1                              - 15 -                                    COMPLAINT

## ELEVENTH CLAIM FOR RELIEF

### Breach Of The Covenant Of Good Faith And Fair Dealing
(Against Mabelle de la Rosa Dann)

106.     Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained in the above paragraphs.

107.     The oral contract between Plaintiff and Defendant contains, by implication of law, a covenant of good faith and fair dealing. Defendant covenanted that she would not do anything to impair or frustrate Plaintiff's rights to receive the benefits she had been promised.

108.     By willfully failing to perform under this oral contract, failing to pay Plaintiff the minimum wages and overtime premiums required by law, and subjecting Plaintiff to unlawful working conditions, Defendant breached the implied covenant of good faith and fair dealing.

109.     As a result of the Defendant's breach of the implied covenant of good faith and fair dealing, Ms. Peña Canal has been wrongfully denied the benefits of her oral contract and has sustained damages in an amount to be determined at trial.

## TWELFTH CLAIM FOR RELIEF

### Intentional Infliction Of Emotional Distress
(Against Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa)

110.     Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained in the above paragraphs.

111.     Defendants engaged in outrageous conduct toward Plaintiff, with the intention to cause, or with reckless disregard of causing, Plaintiff to suffer severe emotional distress. As a proximate and actual result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, indignities, humiliation, anguish, and emotional and physical injuries as well as economic losses in an amount to be proven at trial.

112.     Defendants' extreme and outrageous conduct arose from both an abuse of the employer-employee relationship as well as an economic and social relationship which gave the Defendants apparent authority over Plaintiff and a power to affect Ms. Peña Canal's interests. Defendants' extreme and outrageous conduct also arose from Defendants' knowledge of

1 Plaintiff's vulnerability and susceptibility to emotional distress.

2     113. Defendants committed the acts alleged herein maliciously, fraudulently, and

3 oppressively with the wrongful intention of injuring Plaintiff, with an improper and evil motive

4 amounting to malice and in conscious disregard of Plaintiff's rights, entitling Plaintiff to recover

5 punitive damages in an amount to be proven at trial.

6 <div align="center">**THIRTEENTH CLAIM FOR RELIEF**</div>

7 <div align="center">**Negligent Infliction Of Emotional Distress**
(Against Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa)</div>

8

9     114. Plaintiff realleges and incorporates, as though fully set forth herein, each and every

10 allegation contained in the above paragraphs.

11     115. By Defendants' status as Plaintiff's employers, and by virtue of Defendants' roles

12 in bringing Plaintiff from Peru to the United States unlawfully and with knowledge of Plaintiff's

13 vulnerability and dependence on Defendants as alleged herein, Defendants owed Plaintiff a duty

14 of care and a fiduciary duty to act in Plaintiff's best interests.

15     116. Defendants knew or reasonably should have known that the conduct described

16 herein would and did proximately result in physical and emotional distress to Plaintiff.

17     117. At all relevant times, Defendants had the power, ability, authority, and duty to stop

18 engaging in the conduct described herein.

19     118. Despite said knowledge, power, and duty, Defendants negligently failed to act so

20 as to stop engaging in the conduct described herein.

21     119. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has

22 suffered and continues to suffer serious emotional distress, humiliation, anguish, emotional and

23 physical injuries, as well as economic losses, all to her damage in an amount to be proven at trial.

24 <div align="center">**FOURTEENTH CLAIM FOR RELIEF**</div>

25 <div align="center">**Conspiracy**
(Against All Defendants)</div>

26

27     120. Plaintiff realleges and incorporates, as though fully set forth herein, each and every

28 allegation contained in the above paragraphs.

OHS West:260698369.1      - 17 -      COMPLAINT

1    121.    On information and belief, Ms. Peña Canal alleges that at all times herein

2    mentioned each of the Defendants was the agent of each of the remaining Defendants, and in

3    doing the things herein alleged, was acting within the course and scope of such agency.

4    122.    Defendants knowingly and willfully conspired and agreed to fraudulently induce

5    Ms. Peña Canal to enter into employment with Defendants and to fail and refuse to pay her in

6    accordance with the laws of the United States and California as set forth herein.

7    123.    Defendants committed the acts alleged herein pursuant to, and in furtherance of,

8    their conspiracy and the above alleged agreements.

9    124.    Defendants furthered the conspiracy by cooperating, encouraging, and ratifying

10   this conspiracy to commit fraud by sanctioning, encouraging, and otherwise approving Plaintiff's

11   involuntary servitude, as well as benefiting individually and collectively, from Plaintiff's labor

12   and services.

13   125.    Defendants committed the acts alleged in this Complaint with the wrongful

14   intention of injuring Plaintiff with an improper motive amounting to malice, in conscious

15   disregard of Ms. Peña Canal's rights. Because Defendants' actions were willful, wanton,

16   malicious and oppressive, Plaintiff is also entitled to an award of punitive damages.

17   126.    As a proximate result of the wrongful acts herein alleged, Plaintiff has been

18   damaged in an amount to be proven at trial.

19                              **FIFTEENTH CLAIM FOR RELIEF**

20              **Violation of California Business and Professions Code § 17200, *et seq.***
                              (Against All Defendants)

21

22   127.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every

23   allegation contained in the above paragraphs.

24   128.    California Business and Professions Code Section 17200, *et seq.* provides that

25   unfair competition shall mean any "unlawful, unfair, or fraudulent business act or practice."

26   129.    Defendants violated multiple federal and state statutes and common law, as alleged

27   in this Complaint, including provisions of the TVPRA, the FLSA, and the California Labor Code.

28   Their conduct, constitutes unlawful, unfair or fraudulent business acts or practices under

OHS West:260698369.1                          - 18 -                                      COMPLAINT

1  California Business and Professions Code Section 17200.

2  130. Defendants deliberately, recklessly, or unreasonably developed, encouraged, and

3  profited from the acts alleged in this Complaint. Defendants profited from their treatment of

4  Plaintiff, which Defendants knew, recklessly disregarded, or reasonably should have known

5  violated state and federal law.

6  131. Plaintiff suffered injury as a consequence of the unlawful, unfair, or fraudulent

7  business practices that are the subject of this Complaint.

8  132. California Business and Professions Code Section 17203 provides that the Court

9  restore to the persons injured by Defendants' unfair and/or unlawful business practices any

10  money or property acquired by such Defendants by means of any unlawful, fraudulent, or unfair

11  business act or practice, in an amount to be proven at trial.

12  133. Plaintiff seeks an order compelling Defendants to pay her unpaid wages as

13  restitution and all other appropriate relief, in an amount to be proven at trial.

14                              **VIII. JURY TRIAL DEMAND**

15                  Plaintiff hereby demands a jury trial on all issues so triable.

16                              **IX. PRAYER FOR RELIEF**

17                  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

18                      a)      For general, compensatory and special damages in an

19          amount to be proven at trial;

20                      b)      For unpaid wages, including minimum wages and overtime

21          premiums, in an amount to be proven at trial;

22                      c)      For an order compelling Defendants to pay restitution

23          pursuant to California Business and Professions Code Section 17203;

24                      d)      For statutory penalties and liquidated damages pursuant to

25          Labor Code Section 1194.2(a) and FLSA Section 216(b) in an amount to be

26          proven at trial;

27                      e)      For punitive and exemplary damages in an amount to be

28          proven at trial;

OHS West:260698369.1                          - 19 -                          COMPLAINT

1          f)      For treble damages pursuant to California Penal Code

2     Section 236.1 and California Civil Code Section 52.5l

3                g)      For pre-and post-judgment interest on all applicable relief;

4                h)      For Plaintiff's reasonable attorneys' fees and other litigation

5     costs reasonably incurred in this action; and

6                i)      For such other relief as the Court may deem just and proper.

7

8
      Dated: July 22, 2009                    GEORGE A. YUHAS
9                                             NANCY E. HARRIS
                                              RUTH Y. KWON
10                                            TRACEY LESETAR
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
11

12

13                                              NANCY E. HARRIS
                                              Attorneys for Plaintiff
14                                            ZORAIDA PEÑA-CANAL

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260698369.1                    - 20 -                           COMPLAINT