IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORAIDA PENA CANAL,<br><br>      Plaintiff,<br><br>  v.<br><br>MABELLE DE LA ROSA DANN, TERESA VITTET DE LA ROSA, and DOES 1 to 10,<br><br>      Defendants.<br>_____/ | No. 09-03366 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND DEFAULT JUDGMENT AND FOR ATTORNEYS' FEES |

    Plaintiff Zoraida Pena Canal moves, under Federal Rule of Civil Procedure 59(e), to amend the default judgment entered in this case on September 2, 2010 and moves for attorneys' fees in the amount of $461,297.90 and costs in the amount of $705.60.[1] Defendants Mabelle de la Rosa Dann and Teresa Vittet de la Rosa have not opposed this motion. The motions were taken under submission and decided on the papers. Having read all the papers filed by Plaintiff, the Court grants the motions.

I. Motion to Amend the Judgment

    The September 2, 2010 judgment awarded Plaintiff $618,812.82 from Defendant Dann for unpaid wages, emotional distress damages, and punitive damages. Defendant Vittet de la Rosa was jointly and severally liable for $22,858.65 of that amount for unpaid wages

---

[1] The full amount of costs Plaintiff requested was taxed by the clerk of the court. Therefore, costs are not addressed in this order.

during the time period Plaintiff worked for both Defendants. See September 2, 2010 Order Granting Plaintiff's Motion for Default Judgment at 8; September 2, 2010 Default Judgment.

Plaintiff points out that the judgment against Defendant Vittet de la Rosa did not include an amount for premiums and penalties, as did the judgment against Defendant Dann. See Plaintiff's Memo in Support of Default Judgment at 23 (stating $22,858.65 was for unpaid wages, without premiums and penalties). Plaintiff argues that the judgment against Defendant Vittet de la Rosa should be amended to include an additional $13,864.50 in premiums and penalties.

A motion to alter or amend the judgment under Rule 59(e) must be filed no later than ten days after the judgment is entered. Fed. R. Civ. P. 59(e); Historical Research v. Cabral, 80 F.3d 377, 379 (9th Cir. 1996). The judgment was entered on September 2, 2010, and Plaintiff filed her motion on September 24, 2010. Thus, Plaintiff's motion under Rule 59(e) is untimely. However, the Court construes this as a motion under Federal Rule of Civil Procedure 60(a), which provides that a court may correct a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

In the Court's September 2, 2010 Order Granting Plaintiff's Motion for Default Judgment, it found that Plaintiff worked for both Defendants from July to mid-September of 2006, and thereafter for Defendant Dann until April 2008. Thus, the Court found Defendant Vittet de la Rosa was jointly and severally liable for Plaintiff's unpaid wages from July to mid-September 2006.

Plaintiff is correct that the $ 22,858.65 award against Defendant Vittet de la Rosa only included an amount for unpaid wages and did not include an amount for premiums or penalties.  The award against Defendant Vittet de la Rosa should have been computed in the same manner it was computed against Defendant Dann which, in addition to unpaid wages, included applicable premiums and penalties under the California Labor Code.  Defendant Vittet de la Rosa is jointly and severally liable for $11,731.50 in waiting time penalties and $2,133 in meal and rest break premiums.  See Dec. of Rocio Avila in Support of Default Judgment (Doc. No. 41).  These amounts are added to the original $22,858.65 resulting in an amended damages award against Defendant Vittet de la Rosa of $36,723.15.

Therefore, the Court grants Plaintiff's motion to amend the judgment under Federal Rule of Procedure 60(a).  An amended judgment shall issue separately.

II. Motion for Attorney's Fees

In the September 2, 2010 Order Granting Plaintiff's Motion for Default Judgment, the Court determined that Plaintiff was entitled to an award of reasonable attorneys' fees.  See September 25, 2010 Order at 9 (citing 18 U.S.C. § 1595, Cal. Civ. Code § 52.5(f); and Cal. Labor Code §§ 1194, 1197, 218.5, and 218.6).  Plaintiff now moves for attorneys' fees to reimburse the team of attorneys who represented her in this civil action and in the criminal action that preceded it.

3

A. Background

The background relevant to the attorneys' fees motion is as follows. On April 16, 2008, Plaintiff escaped from the enslavement of Defendant Dann and reported her situation to the authorities. The United States Attorney brought criminal charges against Defendant Dann. La Raza Centro Legal (Centro Legal) represented Plaintiff. Centro Legal began the factual investigation into Plaintiff's circumstances during her forcible employment by Defendants. Centro Legal also aided Plaintiff and the United States Attorney in securing Plaintiff's ongoing availability, which was necessary for the government's prosecution of Defendant Dann. Orrick, Herrington & Sutcliffe LLP (Orrick) and the Lawyers' Committee for Civil Rights (LCCR) provided litigation expertise and additional legal services to investigate the factual basis of Plaintiff's possible civil action. Because the successful prosecution of the criminal action would have a critical impact on Plaintiff's civil action, Plaintiff's attorneys supported, advised, and prepared for the civil case throughout the United States' prosecution of the criminal case against Defendant Dann.

Plaintiff requests fees in the following amounts for seven attorneys for services rendered in the years 2008 through 2010.

///

///

4

| Attorney | Organization | Rate | Hours | Total |
|---|---|---|---|---|
| Tracey Lestar | Orrick | $330-430 | 185.73 | $ 66,684.90 |
| Ruth Kwon | Orrick | $505-530 | 332.7 | $172,509.00 |
| Nancy Harris | Orrick | $600-645 | 147.7 | $ 90,393.00 |
| Michael Kaufman | LCCR | $335 | 124.8 | $ 41,808.00 |
| Robert Rubin | LCCR | $700 | 9.5 | $ 6,650.00 |
| Rocio Avila | LRCL | $400 | 191.63 | $ 76,652.00 |
| Avantika Rao | LRCL | $400 | 16.75 | $ 6,700.00 |
|  |  | **TOTAL** | 1,008.81 | $461,297.90 |

B. Legal Standard

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262.

Determining a reasonable hourly rate is a critical inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The fee applicant has the burden to produce evidence, other than the declarations of interested counsel, that the requested rates are in accordance with those prevailing in the community for attorneys of comparable skill and reputation. Id. at 1263. In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of

representation; and (4) the results obtained.  <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir. 1988).  Other factors that can be considered are (1) the time and labor required; (2) the preclusion of employment by the attorney due to acceptance of the case; (3) time limitations imposed by the client or circumstances; (4) the amount involved and the results obtained; (5) the "undesirability" of the case; and (6) awards in similar cases.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 n.3 (1983).  These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards.  <u>Morales</u>, 96 F.3d at 363-64.

    C. Analysis

        1. Reasonable Rates

In support of the market rates for attorneys Rubin, Kaufman, and Avila, Plaintiff submits the declaration of James Finberg, a senior partner with the law firm of Altshuler Berzon LLP in San Francisco, California.  Mr. Finberg has practiced law since 1983 and, since 2005, he has been selected by <u>Best Lawyers in America</u> as one of the best lawyers in America in the field of employment law.  He has been selected by other professional legal publications as one of the best employment litigators in California and in the San Francisco Bay Area.  Mr. Finberg has served as president of the San Francisco Bar Association and has authored many articles on various aspects of employment law.  Mr. Finberg provides evidence that his hourly rate for complex civil litigation is $785 and declares that he has reviewed the rates requested by the three aforementioned attorneys and their hourly rates are reasonable and commensurate

with prevailing rates in the San Francisco Bay Area for attorneys with comparable skill and experience.

Plaintiff submits the declaration of Michael Kaufman who attests to the fact that the rates charged by Robert Rubin, the legal director of LCCR, and himself are consistent with rates that LCCR attorneys have been awarded for public interest litigation in the past. Kaufman Dec. at ¶ 13-14. Plaintiff submits the declaration of Tracey Lesetar, an attorney at Orrick, who attests to the fact that the rates charged by Nancy Harris, Ruth Kwon and herself are consistent with the rates attorneys with similar levels of expertise charge for legal work in the San Francisco Bay Area. Lesetar Dec. at ¶¶ 6-8, 12. Plaintiff submits the declaration of Rocio Avila, who is employed by Centro Legal. Avila declares that she is familiar with the billing rates of attorneys with the skills, experience and reputation similar to Avantika Rao and herself and attests to the fact that the rates charged by Rao and herself are consistent with the rates of other non-profit legal service organizations in the San Francisco Bay Are.

These declarations and the Court's own knowledge of rates for experienced attorneys in the San Francisco Bay Area support the conclusion that the rates charged by all the attorneys involved in this case are reasonable.

2. Reasonable Hours

In calculating a reasonable number of hours, the applicant must justify its claim by submitting detailed time records. <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986), <u>opinion amended on other grounds</u>, 808 F.2d 1373 (1987). The court may

7

1 adjust these hours down if the documentation was inadequate, if the
2 hours were duplicative, or if the hours were either excessive or
3 unnecessary. Id.

4     The attorneys who have submitted declarations attest to the
5 fact that the hours worked by each attorney in this case were
6 recorded contemporaneously and that tasks were divided between co-
7 counsel to avoid duplication of effort. See Avila Dec. at ¶ 9,
8 Kaufman Dec. at ¶ 11-12; and Lesetar Dec. at ¶ 4. Plaintiff also
9 submits the declaration of Nancy Harris, the supervising attorney on
10 Plaintiff's case since March 2009, who attests that she and her
11 colleagues "have closely reviewed our fee records and have
12 eliminated from the request any unnecessary fees, such as billing
13 entries for arguably duplicative work, time spent on media and press
14 matters, secretarial work, and work that was not closely related to
15 [Plaintiff's] civil case." Harris Dec. at 10-11.

16     These declarations provide sufficient evidence that the hours
17 requested by the attorneys were reasonably incurred in representing
18 Plaintiff in this action. Therefore, the Court grants Plaintiff's
19 request for attorneys' fees in the amount of $461,297.90.

20     Because Plaintiff was employed by Defendant Vittet de la Rosa
21 for only a portion of the time she was employed by Defendant Dann,
22 Defendant Vittet de la Rosa is jointly and severally liable for the
23 same portion of attorneys' fees as she was for the damages award,
24 which is approximately 6%. Therefore, Defendant Vittet de la Rosa
25 is jointly and severally liable for $27,678 in attorneys' fees.

26 CONCLUSION
27     For the foregoing reasons, Plaintiff's motions to amend the
28

**United States District Court**
For the Northern District of California

judgment and for attorneys' fees are granted.  Plaintiff is awarded attorneys' fees in the amount of $461,297.90 from Defendant Dann. Defendant Vittet de la Rosa is jointly and severally liable for $27,678 of the attorneys' fee award.  An amended judgment shall issue on the same date as this order.

   IT IS SO ORDERED.


Dated: 9/6/2011                               CLAUDIA WILKEN
                                              United States District Judge